ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| ONEYDA RODRÍGUEZ SUÁREZ<br><br>Peticionaria<br><br>v.<br><br>JOSÉ MANUEL DELORISSES CARABALLO<br><br>Recurrido | **-I-**<br><br>TA2026CE00273 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: AÑ2026MU00064<br><br>Sobre:<br>Ley para la Prevención e Intervención con la Violencia Doméstica – Órdenes de Protección |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Compareció ante nos, la Sra. Oneyda Rodríguez Suárez (en adelante, "señora Rodríguez Suárez" o "peticionaria") mediante el recurso de *Certiorari* de epígrafe presentado el 5 de marzo de 2026. En esencia, nos solicitó la revisión de la *Resolución Denegando Orden de Protección* emitida el 18 de febrero de 2026 y notificada en esa misma fecha por el Tribunal de Primera Instancia, Sala Municipal de Mayagüez (en adelante, "foro de instancia" o "foro recurrido"). Mediante la aludida determinación, el foro de instancia denegó expedir una orden de protección al amparo de la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, conocida como *Ley para la Prevención e Intervención con la Violencia Doméstica,* 8 LPRA sec. 601 *et seq.* (en adelante, "Ley Núm. 54-1989").

Por los fundamentos que se expondrán a continuación, se **deniega** la expedición del auto de *Certiorari.*

**-I-**

El caso de epígrafe inició el 31 de enero de 2026, con una *Petición de Orden de Protección* al amparo de la Ley Núm. 54-1989, presentada por la señora Rodríguez Suárez en contra del Sr. José Manuel Delorisses Caraballo (en adelante, "señor Delorisses Caraballo" o "recurrido"). La señora Rodríguez Suárez alegó, en resumen, que el señor Delorisses Caraballo incurrió en abuso emocional al intimidarla, acosarla y amenazarla con presentar una denuncia falsa en su contra, debido a que ella le había solicitado el pago de una suma ascendente a mil quinientos dólares ($1,500.00). Además, la señora Rodríguez Suárez instó una moción *Informativa* mediante la cual añadió las alegaciones siguientes:

> Hon. Juez con respeto deseo [añ]adir a mi petici[ó]n de orden de protecci[ó]n de violencia domestica ley 54 q[ue] desde agosto 21 2025 [sic] hasta el 1 de enero 2026 ha incurrido en patrones de maltrato abusivos psicol[ó]gicos a mi persona q[ue] el me odia, q[ue] yo estoy brincando de macho en macho... q[ue] yo soy una embustera y q[ue] nadie me va a creer mis palabras pq [sic] no tengo evidencia de lo q[ue] estoy diciendo cre[á]ndome abuso psicol[ó]gico y teniendo temor y en peligro x [sic] mi vida , [sic] mis bienes y hasta en mi lugar de trabajo. Ya q[ue] al presente el se[ñ]or Delorisses est[á] armado al presente esto me ha causado depresi[ó]n fuerte no duermo, tengo temor de salir a la calle y ya en varias ocasiones he tenido q[ue] esconder mi autom[ó]vil. [E]stoy muy mal de los nervios ya q[ue] adem[á]s el se[ñ]or Delorisses vive a 5 minutos de mi hogar en autom[ó]vil y la v[í]a en donde vivo es transitable. [E]l se[ñ]or Delorisses ha tenido este patr[ó]n de abuso constitutivo conmigo desde los [ú]ltimos hechos q[ue] se dieron conmigo el 1 de enero de 2026. [N]ecesito protecci[ó]n de las entidades de la procuradora de la mujer, psic[ó]logos. [P]or lo cual solicito y expongo ante usted juez y el tribunal q se a[ñ]ada mi petici[ó]n y pueda tener una reconsideraci[ó]n a mi caso para q[ue] se me pueda otorgar la orden de protecci[ó]n de violencia ley 54 ya q[ue] este patr[ó]n de violencia hostil y cruel hacia mi persona ha sido constitutivo. Mi citacion con él es el 18 de febrero de 2026.[1]

A esta solicitud el foro recurrido dispuso lo siguiente: "No ha lugar en esta etapa. El Tribunal atenderá el asunto el día de la vista".[2] Posteriormente, el Tribunal emitió otra *Orden* dirigida a la Policía de Puerto Rico, División de Violencia Doméstica, para que investigara los hechos alegados. Asimismo, ordenó notificar a la Policía copia de

---

[1] SUMAC-TPI, entrada núm. 9.
[2] *Id.*, entrada núm. 14.

la petición y de los datos confidenciales de la señora Rodríguez Suárez. Por último, ordenó que se expidiera las citaciones correspondientes al agente investigador y al agente de la Unidad de Violencia Doméstica.[3]

Llegado el día de la vista, comparecieron la señora Rodríguez Suárez, el señor Delorisses Caraballo y la agente Brenda Cartagena de la División de Violencia Doméstica de la Policía de Puerto Rico. Luego de evaluar la prueba, el 18 de febrero de 2026 el foro de instancia emitió y notificó la *Resolución Denegando Orden de Protección.* En la Resolución antes aludida, el foro de instancia realizó las determinaciones de hecho siguientes:

> El peticionado fue supervisor de la peticionaria cuando ésta se desempeñó como guardia de seguridad en el Mayagüez Resort and Casino. Sostuvieron una relación consensual intermitente. En junio de 2025 el peticionado solicitó una orden de protección en contra de la peticionaria al amparo de la Ley Núm. 284-2019. Posteriormente, la peticionaria solicitó una orden de protección en contra del peticionado al amparo de la Ley Núm. 54-1989. Luego del proceso judicial, la peticionaria volvió a comunicarse con el peticionado mediante mensajes de texto y llamadas telefónicas. En diciembre de 2025 la peticionaria envió al peticionado una carta con una postal por conducto de Gabriel Méndez, guardia de seguridad. El 24 de enero de 2026, el peticionado le escribió a la peticionaria que lo dejara en paz, que hiciera lo que tuviera que hacer, "si lo que quieres es dinero hablaré con mi madre para que te lo de". La peticionaria le envió fotos suyas al peticionado mediante mensajes de texto, la última foto la envió el 30 de enero de 2026. La Agente Brenda Cartagena de la División de Violencia Doméstica entrevistó a la peticionaria y descartó que el peticionado hubiese incurrido en comisión de delitos al amparo de la Ley Núm. 54-1989. Considerado lo anterior este Tribunal deniega la orden de protección solicitada por no probarse los elementos constitutivos de violencia doméstica.[4]

En vista de ello, el foro de instancia concluyó que no se probaron los elementos constitutivos de violencia doméstica al amparo de la Ley Núm. 54-1989. En consecuencia, declaró no ha lugar la petición de orden de protección.

El 5 de marzo de 2026, la señora Rodríguez Suárez presentó ante nos el recurso de epígrafe, *in forma pauperis* y *pro se.* Aunque

---

[3] *Id.*, entrada núm. 15.
[4] *Id.*, entrada núm. 20.

no planteó formalmente unos señalamientos de error, de su escrito puede deducirse que planteó que el foro recurrido erró al admitir como evidencia y ordenar que el abogado enviara por SUMAC unas fotos suyas desnudas que el recurrido supuestamente sustrajo de su celular sin su autorización. Sostuvo que esa conducta constituye una violación a su intimidad y un delito de la Ley Núm. 21-2021, según enmendada, conocida como la *Ley Contra la Venganza Pornográfica de Puerto Rico*, 33 LPRA sec. 1341 *et seq.,* (en adelante, "Ley Núm. 21-2021").

El 18 de marzo de 2026, este Tribunal emitió una *Resolución* mediante la cual le proveyó un término de diez (10) días a la señora Rodríguez Suárez para que informara si se proponía reproducir la prueba oral. Este Tribunal le apercibió de que, de no informar en el término provisto, se entendería que no sería necesaria la reproducción de la prueba oral. Asimismo, le apercibió que "la ausencia de reproducir aquella prueba oral necesaria o conveniente, tiene la consecuencia de renunciar a todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de su evaluación".[5]

La peticionaria compareció nuevamente el 19 de marzo de 2026 mediante *Moción Informativa Urgente* y *Solicitud Regrabación no sea Limitada.*[6] Adujo, en esencia, que daba su visto bueno para que el Tribunal de Apelaciones tuviera acceso a toda la prueba oral y documental. De hecho, sostuvo que no tenía inconveniente en que se entregara la regrabación de la vista evidenciaria. Más aun, solicitó que la regrabación no se limitara a los testimonios, objeciones y expresiones del tribunal, sino que se incluyera en la regrabación los argumentos de las partes y el acto de dictar sentencia.[7]

---

[5] SUMAC – TA, entrada núm. 4.
[6] *Id.*, entradas núm. 5 y 6.
[7] *Id.*

No obstante, el 8 de abril de 2026, este Tribunal declaró no ha lugar la solicitud hecha por la peticionaria en torno a la regrabación y reiteró su *Resolución* dictada el 18 de marzo de 2026,[8] mediante la cual se le requirió informar reproduciría la prueba oral. Además, se le ordenó al tribunal de instancia elevar los autos originales. Sin embargo, mediante *Comparecencia Especial,*[9] la Secretaria Regional de Mayagüez aseveró que "verificamos el expediente electrónico y no tenemos evidencia física. La prueba documental se presentó mediante un escrito, el 19 de febrero de 2026, en la entrada número 21."

Es importante señalar que la parte peticionaria no reprodujo la prueba oral, por lo que el 11 de mayo de 2026, el señor Delorisses Caraballo presentó su *Escrito en cumplimiento de orden y alegato en oposición a expedición de auto de certiorari.*[10]

Así pues, se da por perfeccionado el recurso y se procede a exponer la normativa jurídica aplicable a las controversias ante nuestra consideración.

**-II-**

**A. *Certiorari***

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de

---

[8] *Id.,* entrada núm. 7.
[9] *Id.,* entrada núm. 8.
[10] *Id.,* entrada núm. 10.

manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

Los criterios que guían la discreción del Tribunal de Apelaciones al momento de decidir sobre la expedición del auto se encuentran en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 141, pág. 63, 216 DPR ___ (2025). Esta Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Id.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que —para el buen funcionamiento del sistema judicial y la rápida disposición de los litigios— el juzgador de Instancia tiene gran flexibilidad y discreción para atender y conducir los asuntos litigiosos ante su consideración. *In re Collazo I,* 159 DPR 141, 150 (2003). Esto es, el adjudicador del foro primario tiene plena facultad para conducir el proceso judicial que atiende de acuerdo con su buen juicio y discernimiento al interpretar el derecho aplicable. Dado a eso, la norma general es que el tribunal revisor sólo

intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

Expuesto el derecho aplicable, procedemos atender el recurso de *Certiorari* ante nuestra consideración.

**-III-**

En síntesis, la peticionaria sostiene en su recurso que el tribunal recurrido falló en admitir como evidencia y ordenar que el abogado enviara por SUMAC unas fotos suyas desnudas que el recurrido supuestamente sustrajo de su celular sin su autorización. Sostuvo que esa conducta constituye una violación a su intimidad y un delito bajo la Ley Núm. 21-2021.

Por su parte, el recurrido sostiene que la determinación recurrida debe sostenerse en la medida en que es producto de la evaluación directa de los testimonios y de la prueba presentada durante la vista evidenciaria. Su razonamiento se fundamenta en que a la peticionaria se le apercibió de su deber de reproducir la prueba oral y a pesar de ello no lo hizo, por lo cual aduce que este Tribunal carece de base para sustituir el criterio del foro de instancia. Veamos.

De entrada, puntualizamos que el día luego de la vista evidenciaria, el recurrido presentó la *Moción en Cumplimiento de Orden*,[11] mediante la cual informó que estaba cumpliendo con la orden del foro recurrido a los efectos de subir al expediente digital en SUMAC las tres piezas de evidencia documental presentadas durante la vista. Según lo allí expresado, el recurrido acompañó lo siguiente: 1) carta a manuscrito fechada el 2 de diciembre de 2025; 2) una tarjeta de navidad; y 3) unos mensajes de texto (35 folios). Sin embargo, ese mismo día, 19 de febrero de 2026, el foro recurrido emitió una orden mediante la cual dispuso lo siguiente:

> Enterada. A pesar de que este expediente judicial está marcado como confidencial, este Tribunal, en reconsideración, ordena la eliminación electrónica de los mensajes de texto (35 folios) presentados por la parte peticionada.[12]

En efecto, hemos corroborado que los mensajes de textos no constan en el expediente digital del presente caso. Asimismo, a tenor con la *Comparecencia Especial* de la Secretaria Regional de Mayagüez,[13] el tribunal recurrido no tiene ninguna pieza de evidencia física relacionada con el caso de epígrafe. La única prueba que consta en el caso consiste en lo siguiente: 1) carta a manuscrito fechada el 2 de diciembre de 2025; y 2) una tarjeta de navidad.[14]

De otro lado, a tenor con las determinaciones de hecho del foro recurrido, las partes han solicitado órdenes de protección mutuamente. A pesar de ello, la peticionaria volvió a comunicarse con el recurrido mediante llamadas telefónicas y mensajes de texto. Asimismo, durante el mes de diciembre de 2025, le envió una carta con una postal. Además, surge que el 24 de enero de 2026, el recurrido le escribió que lo dejara en paz, que hiciera lo que tuviera que hacer y que "si lo que quieres es dinero, hablaré con mi madre

---

[11] SUMAC-TPI, entrada núm. 21.
[12] *Id.*, entrada núm. 22.
[13] SUMAC-TA, entrada núm. 8.
[14] SUMAC-TPI, entrada núm. 21.

para que te lo de".[15] Más importante aún, el foro recurrido consignó que la agente Brenda Cartagena de la División de Violencia Doméstica de la Policía de Puerto Rico, entrevistó a la peticionaria y descartó que el señor Delorisses Caraballo hubiese incurrido en la comisión de delitos al amparo de la Ley Núm. 54-1989.[16]

Es evidente que el foro de instancia, luego de aquilatar la prueba desfilada ante sí, concluyó que en el presente caso no existían los elementos que configuran un caso de violencia doméstica o que justifican la expedición de una orden de protección al amparo de la Ley Núm. 54-1989. Es norma establecida que la apreciación de la prueba realizada por el Juzgador de hechos merece deferencia, y sus determinaciones deben ser respetadas por el foro apelativo, en ausencia de error manifiesto, pasión, prejuicio o parcialidad. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 778-779 (2022); *Argüello v. Argüello,* 155 DPR 62, 78–79 (2001). Esta norma descansa en que el juzgador de los hechos está en mejor posición para evaluar la prueba porque vio y escuchó declarar a los testigos y apreció su *demeanor. Id.*

Ciertamente, a pesar de nuestro apercibimiento, la peticionaria no reprodujo la prueba oral, por lo que no nos puso en posición de revisar sustantivamente las determinaciones de hecho; es decir, si las determinaciones de hecho son producto de algún error manifiesto, pasión, prejuicio o parcialidad.

En fin, tras examinar con detenimiento el recurso de epígrafe —a tenor con la Regla 40 del nuestro Reglamento, *supra*— colegimos que no existe razón para intervenir con la resolución recurrida. No surge del expediente —ni la peticionaria ha demostrado— que el foro de instancia haya actuado bajo pasión, prejuicio o parcialidad o algún error manifiesto.

---

[15] *Id.,* entrada núm. 20.
[16] *Id.*

Por tanto, concluimos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento, *supra.*

**-IV-**

Por los fundamentos expuestos previamente, se **deniega** la expedición del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones